IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02270-KAS

ALEJANDRO ORTEGA CORTES,

     Petitioner,

v.

JUAN BALTAZAR, Denver Contract Detention Facility Warden;
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Enforcement and Removal Operations[1];
DAVID VENTURELLA, Director of U.S. Immigration and Customs Enforcement[2]; and
TODD BLANCHE, Acting Attorney General of the United States,

     Respondents.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] (the "Petition"), which was filed by Alejandro Ortega Cortes ("Petitioner"). The Court ordered Respondents to show cause within five days of service why the Petition should not be granted. *Second Order to Show Cause* [#6]. Respondents filed an Answer [#10] (the "Response"). The parties have each consented to this Court's jurisdiction. *Consent to Jurisdiction* [#14]. The Court has reviewed the

---

[1] Petitioner refers to George Valdez as the "Field Office director ICE Denver Field office." *Pet.* [#1] at 5. Respondents clarify that Mr. Valdez's proper title is the "Acting Field Office Director, Denver Field Office, Enforcement and Removal Operations[.]" *Response* [#10] at 1 n.1.

[2] Petitioner names Todd Lyons as the Acting Director of U.S. Immigration and Customs Enforcement. Mr. Venturella is automatically substituted in Mr. Lyons's place pursuant to Fed. R. Civ. P. 25(d).

briefs, the entire case file, and the applicable law. For the reasons set forth below, the Court **ORDERS** that the Petition [#1] be **GRANTED in part**.

## I.    Background

Petitioner, Alejandro Ortega Cortes, is a noncitizen of the United States who has been in immigration detention since approximately April 27, 2026. *Pet* [#1] at 2. At the time of the Petition's filing, Petitioner was detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id*.

Petitioner states that he has been in the United States since 1974. *Id*. There is no indication that Petitioner was apprehended or detained by United States Border Patrol or any other entity when he entered the United States, nor is there any indication that he had ever been arrested, apprehended or detained at any time before his detention or that he has otherwise ever been charged with any crime. *See generally Pet.* [#1]; *Response* [#10]. Petitioner says that he has not been given the opportunity to request a bond hearing. *Pet.* [#1] at 2-3.

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *Response* [#10] at 3. Petitioner, proceeding pro se, offers only minimal argument in favor of his release on bond or in favor of him being granted a bond hearing. Nonetheless, construing Petitioner's Petition [#1] broadly,[3] Petitioner alleges that Respondents have violated his due process rights by not providing him with a constitutionally adequate bond hearing.

---

[3] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

*See Pet.* [#1] at 3 ("ICE has not allowed me to request a review of my custody and has not put me in removal proceedings o[r] allowed me to request a bond.").

Petitioner has sued Juan Baltazar, the Warden of the Denver Contract Detention Facility; George Valdez, the Acting Field Office Director for the Denver Field Office for Enforcement and Removal Operations; David Venturella, the Director of Immigrations and Customs Enforcement ("ICE"); and Todd Blanche, the Acting United States Attorney General. *Id*. at 5; *see Response* [#10] at 1.

This matter is ripe for disposition. No party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## II.    Legal Standard

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

3

### III.    Analysis

Petitioner's due process claim turns on whether Respondents may properly detain him pursuant to § 1225(b) such that he is not entitled to a bond hearing. The Court summarizes the relevant statutory framework before turning to the issues raised in the Petition.

### A.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)-(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen) (emphasis added). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted,

4

the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## B.    Application

Respondents cursorily state that § 1225(b)(2)(A) requires Petitioner's detention such that he is not entitled to a bond hearing. *Response* [#10] at 2-5. As Respondents acknowledge, "[t]he central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention by [ICE] under 8 U.S.C. § 1225(b), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing." *Id*. at 2. As Respondents further acknowledge, however, "[t]his issue is not materially different from an issue this Court has resolved in a prior ruling in another case[,]" *id*., referring to *Quintanilla Ramirez v. Baltazar, et al.*, No. 26-cv-01566-KAS, 2026 WL 1251616 (D. Colo. May 6, 2026). And Respondents further acknowledge that "until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision[.]" *Response* [#10] at 4. Moreover, Respondents have cited no source of law binding on the Court in perfunctorily arguing that the Court should reconsider its prior ruling.

The Court agrees with Respondents that its analysis in *Quintanilla Ramirez* also governs here. And Respondents have provided no reason to revisit that ruling. The Court therefore refers the parties to its analysis in *Quintanilla Ramirez*, finding that the analysis provided in that case also applies here. The Court further refers the parties to the due process analysis conducted in this Court's recommendation in *Kumar v. Lyons* and adopted via reference in *Quintanilla Ramirez*. *See Kumar v. Lyons*, No. 26-cv-00913-NYW-KAS, 2026 WL 1471424 (D. Colo. Apr. 3, 2026), *report and recommendation adopted*, No. 26-cv-00913-NYW-KAS, 2026 WL 1282807 (D. Colo. May 11, 2026). Accordingly, Petitioner is entitled to a bond hearing because his continued detention without a bond hearing violates his due process rights.

## C.    Appropriate Remedy

Petitioner only argues in the alternative that he should receive a bond hearing and principally avers that he should instead be immediately released. *See, e.g.*, *Pet.* [#1] at 4. Petitioner advances no developed argument as to his claimed entitlement to immediate release. As the Court explained in *Kumar*, "§ 1226(a) 'does not require release,' but instead 'provides DHS the discretion to grant an alien release on bond[.]" *Kumar*, 2026 WL 1471424 at *5 (quoting *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)). In the absence of any developed argument to the contrary, the appropriate relief here, as in *Kumar*, is a bond hearing. Accordingly, the Court orders Respondents to provide Petitioner with a bond hearing before an immigration judge, who "is better suited to consider whether Petitioner poses a flight risk and a danger to the community." *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025).

Finally, the court notes that at the bond hearing, Respondents will bear the burden of proof by clear and convincing evidence. *Kumar*, 2026 WL 1471424 at *5 (joining other courts in this district concluding that in this context, the government bears the burden of proof by clear and convincing evidence).

### IV.    Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Petition [#1] be **GRANTED in part**.

IT IS FURTHER **ORDERED** that Respondents shall provide Petitioner a bond hearing no later than **June 15, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**.

IT IS FURTHER **ORDERED** that, on or before **June 22, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

Dated: June 8, 2026                                      BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

7